EXHIBIT "A"



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 23275457**
**Date Processed: 06/01/2021**

| | |
|---|---|
| Entity: | Six Flags Great Adventure<br>Entity ID Number  2520103 |
| Entity Served: | Six Flags Great Adventure |
| Title of Action: | Stephen Wisniewski vs. Six Flags Great Adventure |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Ocean County Superior Court, NJ |
| Case/Reference No: | OCN-L-000831-21 |
| Jurisdiction Served: | New Jersey |
| Date Served on CSC: | 05/27/2021 |
| Answer or Appearance Due: | 35 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Brian L. Katz<br>856-489-1515 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**DANSKY | KATZ | RINGOLD**
A PROFESSIONAL CORPORATION
Brian L. Katz, Esquire
NJ LICENSE ID NO.: 027511983
8000 Sagemore Drive, Suite 8304
Marlton, NJ 08053
PHONE: (856)489-1515
Attorneys for Plaintiffs

| | |
|---|---|
| STEPHEN WISNIEWSKI and NICOLE WISNIEWSKI (husband/wife), | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION - OCEAN COUNTY<br>: |
| Plaintiff, | :<br>: DOCKET NO.: L-0831-21 |
| v. | :<br>:      Civil Action |
| SIX FLAGS GREAT ADVENTURE, LLC; ABC CORPORATION(S) 1-5 (Fictitious Names); JOHN DOE(S) 1-5 (Fictitious Names); and ABC CORPORATION(S) 6-10 (Fictitious Names), i/j/s/a, | :<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : **SUMMONS** |

From the State of New Jersey to the Defendant(s) named above:    **SIX FLAGS GREAT ADVENTURE**

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion and proof of service to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

MICHELLE M. SMITH
Clerk of the Superior Court

Dated: May 25, 2021

Name of Defendant to be served:
Address of the Defendant to be served:

Six Flags Great Adventure
c/o Corporation Service Company
100 Charles Ewing Boulevard, Suite 160
Princeton South Corporate Center
Ewing, NJ 08628

**DANSKY | KATZ | RINGOLD**
A PROFESSIONAL CORPORATION
Brian L. Katz, Esquire
NJ License ID No.: 027511983
8000 Sagemore Drive, Suite 8304
Marlton, New Jersey 08053
(856) 489-1515
Attorneys for Plaintiffs

| | |
|---|---|
| STEPHEN WISNIEWSKI and NICOLE WISNIEWSKI, husband and wife,<br>Plaintiffs,<br><br>v.<br><br>SIX FLAGS GREAT ADVENTURE, L.L.C., ABC CORPORATION(S) 1-5 (Fictitious Names), JOHN DOE(S) 1-5 (Fictitious Names) and ABC CORPORATION(S) 6-10 (Fictitious Names), i/j/s/a,<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - OCEAN COUNTY<br><br>DOCKET NO.:<br><br>Civil Action<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

The Plaintiffs, Stephen Wisniewski and Nicole Wisniewski, husband and wife, residing at 13 Koehler Drive, in the Borough of South Bound Brook, County of Somerset, State of New Jersey, by way of Complaint against the Defendant(s) say:

**FIRST COUNT**

1.     On or about May 30, 2019, Plaintiff, Stephen Wisniewski, was a lawful patron and/or invitee on the premises known as Six Flags Great Aventure, in the Township of Jackson, County of Ocean, State of New Jersey.

2.     On or about May 30, 2019, Defendant, Six Flags Great Adventure, L.L.C., was the owner, lessee and/or possessor of said grounds and premises and was charged with the obligation of proper control, maintenance, supervision, repair and general safekeeping of same.

3.      On the aforementioned date and place, Plaintiff, Stephen Wisniewski, a patron of Six Flags Great Adventure, was properly and lawfully exiting the bumper car ride on the premises of Six Flags Great Adventure, and owned and controlled by Six Flags Great Adventure known as "Fender Benders" when suddenly and without warning, he slipped and fell on a puddle of water, causing him to sustain severe and permanent injuries, due to the improper and negligent actions of agents and/or employees of Six Flags Great Adventure.

4.      Notice pursuant to N.J.S.A. 5:3-57 was duly forwarded on June 6, 2019.

5.      At the aforesaid time and place, Defendant, Six Flags Great Aventure, L.L.C., was guilty of the following acts of negligence:

A.      Creating and/or allowing a dangerous, hazardous and unsafe condition to exist;

B.      Failing to properly supervise its agents, servants and/or employees;

C.      Failing to properly train, test, and/or select its agents, servants, and/or employees;

D.      Failing to keep the premises in a safe condition;

E.      Failing to exercise proper care;

F.      Allowing a nuisance to exist;

G.      Failing to provide proper safeguards and/or warnings;

H.      Failing to exercise due care for the plaintiff under the circumstances;

I.      Failing to properly inspect and/or maintain the overhead roof;

J.      Failure to have due regard for the safety of the patron invitees;

K.      Failure to comply with various regulations promulgated by the Occupational Safety and Health Administration (OSHA);

L.      Failure to comply with orders given by the Occupational Safety and Health Administration (OSHA);

M.     Failing to take feasible cost-effective precautions with the intention of inflating profits earned;

N.     Placing profits ahead of customer safety;

O.     Failure to retain adequate first aid materials on the premises for treating injuries;

P.     Otherwise acting without due regard for the rights, safety, and the position of plaintiff herein in accordance with the laws of the State of New Jersey;

Q.     Negligence as a matter of law;

R.     Falling below the industry standard of care with respect to training employees and maintaining a safe premises.

6.     As a direct and proximate result of the conduct of Defendant, Six Flags Great Adventure, L.L.C., Plaintiff, Stephen Wisniewski, has in the past required, continues to require, and will in the future require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure his condition.

7.     As a direct and proximate result of the conduct of Defendant, Six Flags Great Adventure, L.L.C., Plaintiff, Stephen Wisniewski, has in the past, and continues to suffer pain, suffering, scarring, disfigurement, mental anguish, humiliation, embarrassment, fear, loss of well-being and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses.

WHEREFORE, Plaintiff, Stephen Wisniewski, demands judgment against Defendant, Six Flags Great Adventure, L.L.C., for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey, together with interest, costs of suit and attorneys fees.

## SECOND COUNT

1.     For the sake of brevity, the Plaintiff hereby repeats the allegations of the First Count and incorporates those allegations into this count as if set forth more fully herein.

2.     On or about May 30, 2019, Defendant, ABC Corporation(s) 1-5 (Fictitious Names), was the maintenance company of said grounds and premises and was charged with the obligation of proper control, maintenance, repair and general safekeeping of same.

3.     On the aforementioned date and place, Plaintiff, Stephen Wisniewski, a patron of Six Flags Great Adventure, was properly and lawfully exiting the bumper car ride on the premises of Six Flags Great Adventure, and owned and controlled by Six Flags Great Adventure, known as "Fender Benders" when suddenly and without warning, he slipped and fell on a pubble of water, causing him to sustain severe and permanent injuries, due to the improper and negligent actions of agents and/or employees of Six Flags Great Adventure.

4.     Notice pursuant to N.J.S.A. 5:3-57 was duly forwarded on June 6, 2019.

5.     At the aforesaid time and place, Defendant, ABC Corporation(s) 1-5 (Fictitious Names), was guilty of the following acts of negligence:

A.     Creating and/or allowing a dangerous, hazardous and unsafe condition to exist;

B.     Failing to properly supervise its agents, servants and/or employees;

C.     Failing to properly train, test, and/or select its agents, servants, and/or employees;

D.     Failing to keep the premises in a safe condition;

E.     Failing to exercise proper care;

F.     Allowing a nuisance to exist;

G.     Failing to provide proper safeguards and/or warnings;

H.     Failing to exercise due care for the plaintiff under the circumstances;

I.     Failing to properly inspect and/or maintain the overhead roof;

J.     Failure to have due regard for the safety of the patron invitees;

K.     Failure to comply with various regulations promulgated by the Occupational
       Safety and Health Administration (OSHA);

L.     Failure to comply with orders given by the Occupational Safety and Health
       Administration (OSHA);

M.     Failing to take feasible cost-effective precautions with the intention of inflating
       profits earned;

N.     Placing profits ahead of customer safety;

O.     Failure to retain adequate first aid materials on the premises for treating injuries;

P.     Otherwise acting without due regard for the rights, safety, and the position of
       plaintiff herein in accordance with the laws of the State of New Jersey;

Q.     Negligence as a matter of law;

R.     Falling below the industry standard of care with respect to training employees and
       maintaining a safe premises.

6.     As a direct and proximate result of the conduct of Defendant, ABC Corporation(s) 1-5 (Fictitious Names), Plaintiff, Stephen Wisniewski, has in the past required, continues to require, and will in the future require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure his condition.

7.     As a direct and proximate result of the conduct of Defendant, ABC Corporation(s) 1-5 (Fictitious Names), Plaintiff, Stephen Wisniewski, has in the past, and continues to suffer pain, suffering, scarring, disfigurement, mental anguish, humiliation, embarrassment, fear, loss of well-being and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses.

WHEREFORE, Plaintiff, Stephen Wisniewski, demands judgment against Defendant, ABC Corporation(s) 1-5 (Fictitious Names), for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey, together with interest, costs of suit and attorneys fees.

### THIRD COUNT

1.      For the sake of brevity, the Plaintiff hereby repeats the allegations of the previous counts and incorporates those allegations into this count as if set forth more fully herein.

2.      On or about May 30, 2019, Defendant, John Doe(s) 1-5 (Fictitious Names), was the maintenance person of said grounds and premises and was charged with the obligation of proper control, maintenance, repair and general safekeeping of same.

3.      On the aforementioned date and place, Plaintiff, Stephen Wisniewski, a patron of Six Flags Great Adventure, was properly and lawfully exiting the bumper car ride on the premises of Six Flags Great Adventure, and owned and controlled by Six Flags Great Adventure, known as "Fender Benders" when suddenly and without warning, he slipped and fell on a pubble of water, causing him to sustain severe and permanent injuries, due to the improper and negligent actions of agents and/or employees of Six Flags Great Adventure.

4.      Notice pursuant to N.J.S.A. 5:3-57 was duly forwarded on June 6, 2019.

5.      At the aforesaid time and place, Defendant, John Doe(s) 1-5 (Fictitious Names), was guilty of the following acts of negligence:

A.      Creating and/or allowing a dangerous, hazardous and unsafe condition to exist;

B.      Failing to properly supervise its agents, servants and/or employees;

C.      Failing to properly train, test, and/or select its agents, servants, and/or employees;

D.      Failing to keep the premises in a safe condition;

E.      Failing to exercise proper care;

F.      Allowing a nuisance to exist;

G.      Failing to provide proper safeguards and/or warnings;

H.      Failing to exercise due care for the plaintiff under the circumstances;

I.      Failing to properly inspect and/or maintain the overhead roof;

J.      Failure to have due regard for the safety of the patron invitees;

K.      Failure to comply with various regulations promulgated by the Occupational
        Safety and Health Administration (OSHA);

L.      Failure to comply with orders given by the Occupational Safety and Health
        Administration (OSHA);

M.      Failing to take feasible cost-effective precautions with the intention of inflating
        profits earned;

N.      Placing profits ahead of customer safety;

O.      Failure to retain adequate first aid materials on the premises for treating injuries;

P.      Otherwise acting without due regard for the rights, safety, and the position of
        plaintiff herein in accordance with the laws of the State of New Jersey;

Q.      Negligence as a matter of law;

R.      Falling below the industry standard of care with respect to training employees and
        maintaining a safe premises.

6.      As a direct and proximate result of the conduct of Defendant, John Doe(s) 1-5

(Fictitious Names), Plaintiff, Stephen Wisniewski, has in the past required, continues to require,

and will in the future require, medical treatment and care, and has in the past, continues

presently, and may in the future incur the cost of medicines, medical care, hospitalizations,

treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure his

condition.

7.     As a direct and proximate result of the conduct of Defendant, John Doe(s) 1-5 (Fictitious Names), Plaintiff, Stephen Wisniewski, has in the past, and continues to suffer pain, suffering, scarring, disfigurement, mental anguish, humiliation, embarrassment, fear, loss of well-being and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses.

WHEREFORE, Plaintiff, Stephen Wisniewski, demands judgment against Defendant, John Doe(s) 1-5 (Fictitious Names), for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey, together with interest, costs of suit and attorneys fees.

## FOURTH COUNT

1.     For the sake of brevity, the Plaintiff hereby repeats the allegations of the previous counts and incorporates those allegations into this count as if set forth more fully herein.

2.     On or about May 30, 2019, Defendant, ABC Corporation(s) 6-10 (Fictitious Names), was the owner, lessee and/or possessor of said grounds and premises and was charged with the obligation of proper control, maintenance, supervision, repair and general safekeeping of same.

3.     On the aforementioned date and place, Plaintiff, Stephen Wisniewski, a patron of Six Flags Great Adventure, was properly and lawfully exiting the bumper car ride on the premises of Six Flags Great Adventure, and owned and controlled by Six Flags Great Adventure, known as "Fender Benders" when suddenly and without warning, he slipped and fell on a puddle of water, causing him to sustain severe and permanent injuries, due to the improper and negligent actions of agents and/or employees of Six Flags Great Adventure.

4.  Notice pursuant to N.J.S.A. 5:3-57 was duly forwarded on June 6, 2019.

5.  At the aforesaid time and place, Defendant, ABC Corporation(s) 6-10 (Fictitious Names), was guilty of the following acts of negligence:

A.  Creating and/or allowing a dangerous, hazardous and unsafe condition to exist;

B.  Failing to properly supervise its agents, servants and/or employees;

C.  Failing to properly train, test, and/or select its agents, servants, and/or employees;

D.  Failing to keep the premises in a safe condition;

E.  Failing to exercise proper care;

F.  Allowing a nuisance to exist;

G.  Failing to provide proper safeguards and/or warnings;

H.  Failing to exercise due care for the plaintiff under the circumstances;

I.  Failing to properly inspect and/or maintain the overhead roof;

J.  Failure to have due regard for the safety of the patron invitees;

K.  Failure to comply with various regulations promulgated by the Occupational Safety and Health Administration (OSHA);

L.  Failure to comply with orders given by the Occupational Safety and Health Administration (OSHA);

M.  Failing to take feasible cost-effective precautions with the intention of inflating profits earned;

N.  Placing profits ahead of customer safety;

O.  Failure to retain adequate first aid materials on the premises for treating injuries;

P.  Otherwise acting without due regard for the rights, safety, and the position of plaintiff herein in accordance with the laws of the State of New Jersey;

Q.  Negligence as a matter of law;

R.    Falling below the industry standard of care with respect to training employees and maintaining a safe premises.

6.    As a direct and proximate result of the conduct of Defendant, ABC Corporation(s) 6-10 (Fictitious Names), Plaintiff, Stephen Wisniewski, has in the past required, continues to require, and will in the future require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure his condition.

7.    As a direct and proximate result of the conduct of Defendant, ABC Corporation(s) 6-10 (Fictitious Names), Plaintiff, Stephen Wisniewski, has in the past, and continues to suffer pain, suffering, scarring, disfigurement, mental anguish, humiliation, embarrassment, fear, loss of well-being and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses.

WHEREFORE, Plaintiff, Stephen Wisniewski, demands judgment against Defendant, ABC Corporation(s) 6-10 (Fictitious Names), for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey, together with interest, costs of suit and attorneys fees.

## FIFTH COUNT

1.    For the sake of brevity, the allegations of all previous Counts are herein repeated and made a part of this Count.

2.    Plaintiff, Nicole Wisniewski, is the wife of the injured Plaintiff, Stephen Wisniewski, residing with him at the same address.

3.     Due to the injuries to the Plaintiff, Stephen Wisniewski, the Plaintiff, Nicole

Wisniewski, has been deprived of the services, consortium and companionship of the injured

Plaintiff.

WHEREFORE, the Plaintiff, Nicole Wisniewski, demands judgment against the

Defendant(s), Six Flags Great Adventure, L.L.C., ABC Corporation(s) 1-5 (Fictitious Names),

John Doe(s) 1-5 (Fictitious Names) and ABC Corporation(s) 6-10 (Fictitious Names),

individually, jointly, severally and/or in the alternative, for such sums as will reasonably

compensate the Plaintiff for damages according to the laws of the State of New Jersey, plus costs

of suit, and for whatever other relief the Court deems equitable and just.

### SIXTH COUNT

1.     For the sake of brevity, the Plaintiffs hereby repeat the allegations of the previous

counts and incorporates those allegations into this count as if set forth more fully herein.

WHEREFORE, Plaintiffs, Stephen Wisniewski and Nicole Wisniewski, husband and

wife, demands judgment against the Defendants, Six Flags Great Adventure, L.L.C., ABC

Corporation(s) 1-5 (Fictitious Names), John Doe(s) 1-5 (Fictitious Names) and ABC

Corporation(s) 6-10 (Fictitious Names), individually, jointly, severally and/or in the alternative,

for such sums as will reasonably compensate the plaintiff for damages according to the laws

of the State of New Jersey, plus costs of suit, and for whatever other relief the Court deems

equitable and just.

DANSKY | KATZ | RINGOLD

BY:

Brian L. Katz, Esquire
Attorneys for Plaintiffs

Dated: March 24, 2021

## STATEMENT OF DAMAGES

The nature of Plaintiff's damages are unliquidated and difficult to ascertain at this stage of the litigation.  You may accept this initial demand for damages from each defendant as being the limits of the sum of each Defendants' insurance policies.

DANSKY | KATZ | RINGOLD

BY: _____

Brian L. Katz, Esquire
Attorneys for Plaintiffs

Dated: March 24, 2021

## CERTIFICATION PURSUANT TO RULE 4:5-1

Brian L. Katz, Esquire, of the law firm of DANSKY | KATZ | RINGOLD, hereby certifies as follows:

1.      The matter in controversy is not the subject of any other action pending in any court nor is it the subject of any arbitration proceeding now pending.

2.      No other action or arbitration is presently contemplated.

3.      Plaintiffs know of no other individual or entity which should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

DANSKY | KATZ | RINGOLD

BY: _____

Brian L. Katz, Esquire
Attorneys for Plaintiffs

Dated: March 24, 2021